IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HUGH M. HARRISON,

                                                                                  OPINION and ORDER

                        Plaintiff,

                                                                                  10-cv-230-bbc

      v.

EDWARD VLACK and
DONALD GILLEN,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary relief in which plaintiff Hugh Harrison alleges that defendants Edward Vlack and Donald Gillen violated his constitutional rights with regard to state court actions filed in the Circuit Court for St. Croix County, Wisconsin. Plaintiff has asked for leave to proceed <u>in forma pauperis</u> and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.
- If the balance is less than $16,000, the plaintiff may proceed without any

1

prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In his affidavit of indigency, plaintiff says that he has two legal dependents. In addition, he says that he is self employed and that his income "fluctuates between $500 - $1700" per month. Using the larger estimate of income, plaintiff qualifies to proceed without prepayment of fees and costs. (Monthly income in the amount of $1700 makes plaintiff's annual income $20,400. The balance comes to $13,000 after subtracting $7400 for two dependents.) Because plaintiff's income is less than $16,000, he can proceed without any prepayment of fees or costs.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, because plaintiff is requesting leave to proceed without prepayment of costs, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint must be dismissed. Plaintiff's allegations are simple: defendant

Edward Vlack is a circuit court judge who presided over contempt hearings in two state law cases, Case Nos. 99PA37 and 96FA95 and defendant Donald Gillen is the county's corporation counsel who prosecuted the civil proceedings. According to plaintiff, both defendants violated his due process rights by subjecting him to contempt proceedings without trial or an opportunity to confront witnesses.

This court lacks jurisdiction to consider whether the contempt proceedings were adequate. Under the "Rooker-Feldman" doctrine, lower federal courts lack jurisdiction to review the rulings of a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The contempt rulings plaintiff challenges fall squarely within the Rooker-Feldman doctrine. Therefore, the court lacks jurisdiction to decide the matters plaintiff raises in his complaint and the complaint will be dismissed without prejudice to plaintiff's pursuing these issues in state court.

ORDER

IT IS ORDERED that plaintiff Hugh M. Harrison's complaint is DISMISSED without prejudice for lack of jurisdiction under the Rooker-Feldman doctrine. The clerk of

court is directed to close the case.

    Entered this 11th day of June, 2010.

                              BY THE COURT:

                              /s/

                              BARBARA B. CRABB
                              District Judge