IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HUGH M. HARRISON,

                                  ORDER

        Plaintiff,

                                  10-cv-230-bbc

    v.

EDWARD VLACK and
DONALD GILLEN,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        On June 11. 2010, I dismissed plaintiff Hugh Harrison's complaint without prejudice for lack of jurisdiction under the "Rooker-Feldman" doctrine. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)..

        Now petitioner has filed a notice of appeal. Also, he has submitted a letter asking for additional time to file his appeal. Because plaintiff has filed a notice of appeal, the appeal process has begun and his letter request for an extension of time is moot.

        A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to

take an appeal has not established indigence, the appeal is taken in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff's request for leave to proceed in forma pauperis on appeal will be denied, because I am certifying that his appeal is not taken in good faith.

In Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims the court found to be without legal merit. Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000). Plaintiff is trying to appeal the same claims that I dismissed for failure to state a claim upon which relief may be granted. Because there is no legally meritorious basis for plaintiff's appeal, I must certify that the appeal is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously.

If plaintiff does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require plaintiff to pay the entire $455 filing fee before it considers his appeal. If plaintiff does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that plaintiff Hugh Harrison's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that his appeal is not taken in good faith.

Entered this 19th day of July, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3